FILED
United States Court of Appeals
Tenth Circuit

December 20, 2018

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

---

DARIUS CARLTON HILL,

    Plaintiff - Appellant,

v.

ROBERT REARDON, Chief of Jefferson County Sheriffs Office, et al.,

    Defendants - Appellees.

No. 18-1480
(D.C. No. 1:18-CV-00290-NYM)
(D. Colo.)

---

## ORDER

---

This matter is before the court on its own initiative following the opening of the appeal and this court's review of the district court's docket. This court has identified a potential jurisdictional defect and is considering whether to summarily dismiss this appeal. 10th Cir. R. 27.3(B). Briefing on the merits is suspended pending further order of the court. *See* 10th Cir. R. 27.3(C).

Pro se appellant Darius Carlton Hill seeks to appeal the district court's November 16, 2018 *Order to Dismiss in Part and to Draw Case* [ECF No. 28]. Although that order dismissed certain of Mr. Hill's claims, the court expressly declined to address other claims, which claims remain pending. [*See, e.g.*, ECF No. 28 at 6 ("The Court will not address Plaintiff's Fourteenth Amendment excessive force claim [against Deputy

Jensen] at this time."); *id.* at 9 ("The Court will not address the Fourteenth Amendment equal protection component of Claim Two [against Deputy Ullrich] at this time."); *id.* at 9 ("Construing the pleading liberally as the Court must, the First Amendment component of Claim Three [against Defendant Luksch] is not appropriate for summary dismissal at this time.")]. Defendants Jensen, Ullrich and Luksch have accepted service of Mr. Hill's amended complaint [ECF No. 34], and the district court has directed them to respond to that complaint on or before February 5, 2019. [ECF Nos. 34 & 35].

Because certain of Mr. Hill's claims remain pending in the district court, it appears this court lacks jurisdiction over this appeal. *See* 28 U.S.C. § 1291; *see also United States v. Nixon*, 418 U.S. 683, 690-92 (1974) ("The finality requirement of 28 U.S.C. § 1291 embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals."); *Albright v. Unum Life Ins. Co.*, 59 F.3d 1089, 1092 (10th Cir. 1995) ("Under § 1291, we have jurisdiction only over 'final' decisions of the district court—that is, those decisions that leave nothing for the court to do but execute judgment." (citation and internal quotation marks omitted)).

Accordingly, on or before January 10, 2019, Mr. Hill shall file a written response to this order, addressing any basis in law for this court to exercise jurisdiction over his appeal. In the alternative, Mr. Hill may either: (1) voluntarily dismiss all or any portion of this appeal, *see* Fed. R. App. P. 42(b); or (2) elect not to file a response to this show cause order, in which case the court will dismiss his appeal without further notice for lack of

prosecution, *see* 10th Cir. R. 42.1. Voluntary dismissal of the appeal will not preclude an

appeal from a final judgment or otherwise appealable order at a later date.

                                              Entered for the Court
                                              ELISABETH A. SHUMAKER, Clerk

                                              by: Lisa A. Lee
                                                   Counsel to the Clerk